PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and
Lemons, JJ., and Stephenson, S.J.

WILLIAMSBURG PEKING CORPORATION

OPINION BY
v.  Record No. 042265   SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                    September 16, 2005
XIANCHIN KONG

FROM THE CIRCUIT COURT OF YORK COUNTY
N. Prentis Smiley, Jr., Judge

In this appeal, Williamsburg Peking Corporation (Peking)
contends that the trial court erred in granting the plaintiff's
motion for a nonsuit.  Specifically, Peking complains that the
trial court "failed to consider and rule upon [its] pending
motion for sanctions against [the plaintiff] at the time the
nonsuit order was granted and/or before the nonsuit order became
final under Rule 1:1 . . . and/or to limit the nonsuit order to
permit it to do so, thereby precluding [its] claim under [Code]
§ 8.01-271.1."

I

On February 13, 2003, Xianchin Kong, a pro se plaintiff,
filed a lawsuit against Peking, alleging that Peking had
improperly terminated her employment as a waitress at Peking's
restaurant because she had made safety complaints under various
federal and state laws.  Thereafter, Kong filed numerous
discovery requests and motions.  Peking contended that these
filings were "inordinately voluminous" and "redundant" and filed
a motion for sanctions under Code § 8.01-271.1.  When Kong was

confronted with the motion for sanctions, she retained counsel and moved for a nonsuit. Over Peking's objections, the trial court granted the nonsuit and refused to consider the pending motion for sanctions, concluding that it no longer had jurisdiction over the motion for sanctions.

## II

For purposes of this appeal, we will consider as true the allegations set forth in Peking's motion for sanctions. Kong, approximately one year after instituting her suit, filed her first set of interrogatories, which exceeded the limits of Rule 4:8(g). During the following 45-day period, Kong served Peking with requests for production of documents, requests for admissions, and three additional sets of interrogatories, all to which Peking responded in good faith. According to Peking, however,

> the discovery process was made unduly burdensome, excessively expensive, overly annoying, unnecessarily repetitive, and unreasonably cumbersome by virtue of the filing within a forty-five (45) day period of a total of eight sets of redundant discovery requests, coupled with four, 3-7 page letters indiscriminately objecting to virtually every answer [Peking] made to [Kong's] discovery requests. This abuse of the discovery process required the detailed preparation, review, research, authentication, and filing of responses that caused [Peking] to incur inordinate expenditures of its own time and resources, as well as the expense required for its attorney to respond.

Due to the burdens imposed by Kong's discovery filings, Peking filed a motion for a protective order. Following a

hearing on Peking's motion, the trial court found that the pleadings and other documents filed on behalf of Kong had been prepared by another who "was not a lawyer and was not licensed to practice law in the Commonwealth."  The trial court further found that "the pleadings and other documents filed by [Kong] were tainted or poisoned with the unlawful practice of law."

Peking alleged that the illegal conduct, and Kong's complicity therein,

> has required [Peking] to incur over $15,000.00 in attorneys fees and expenses in defending and responding to the pleadings and discovery requests in this lawsuit, and has further diverted the valuable time and resources of [Peking] and its employees in responding to the inordinately voluminous and inappropriate requests and filings in this groundless lawsuit.

Consequently, by its motion for sanctions, Peking sought an award against Kong and the preparer of the pleadings and documents, jointly and severally, of $16,383.75 in attorney's fees and $186.98 in out-of-pocket expenses.  Peking also sought $10,000 in additional sanctions to deter such conduct in the future.

### III

We perceive the issue in this appeal to be two-fold: First, whether the nonsuit order is subject to the provisions of

3

Rule 1:1[*] and, second, whether the nonsuit order precluded the

trial court from considering the pending motion for sanctions.

In the present case, the trial court had scheduled Peking's

motion for sanctions for a hearing on July 9, 2004.  Immediately

upon the trial court's convening of the July 9 hearing, Kong

moved for a nonsuit.  The trial court granted the motion, and,

when counsel for Peking stated that he "assume[d] that the

motion for sanctions remain[ed] for consideration," the trial

court ruled that it no longer had jurisdiction over the motion

for sanctions.  The order granting the nonsuit was entered on

the same day.

   We first consider whether the nonsuit order is subject to

the provisions of Rule 1:1.  This inquiry is answered by our

recent decision in James v. James, 263 Va. 474, 562 S.E.2d 133

(2002).  In James, we noted that a nonsuit order "is

sufficiently imbued with the attributes of finality to satisfy

the requirements of Rule 1:1."  Therefore, we opined that, "from

its very nature, an order granting a nonsuit should be subject

to the provisions of Rule 1:1."  Id. at 481, 562 S.E.2d at 137.

Thus, the nonsuit order in the present case, like all final

_____

   [*] Rule 1:1 provides, in pertinent part, that "[a]ll final
judgments, orders, and decrees . . . shall remain under the
control of the trial court and subject to be modified, vacated,
or suspended for twenty-one days after the date of entry, and no
longer."

judgments, remained under the control and jurisdiction of the trial court for 21 days after the date of entry.

We next consider whether the nonsuit order precluded the trial court from considering the previously pending motion for sanctions. Code § 8.01-380 gives a plaintiff an absolute right to one nonsuit. Upon the entry of a nonsuit order, "the case becomes 'concluded as to all claims and parties,' and 'nothing remain[s] to be done.' " Id., quoting Dalloul v. Agbey, 255 Va. 511, 515, 499 S.E.2d 279, 282 (1998).

In the present case, the trial court ruled that, because the nonsuit order was final as to all claims and parties, the court was without jurisdiction to rule upon the pending motion for sanctions. We do not agree.

A motion for sanctions is an application made to a court for the imposition of a penalty for alleged misconduct of a party or lawyer or for alleged abuse of the system. The motion has no bearing on the facts giving rise to a right to seek judicial remedy. Thus, the entry of a nonsuit order does not conclude a case as to any pending motion for sanctions.

Additionally, the trial court's ruling undermines the public policy expressed by the General Assembly in Code § 8.01-271.1. In enacting that Code section, the General Assembly sought to prevent a litigant from filing pleadings and other papers that are "interposed for any improper purpose, such as to

5

harass or to cause . . . needless increase in the cost of litigation."  Manifestly, the General Assembly never intended that a nonsuit order could exonerate a litigant's misconduct. We agree with Peking's assertion that, "[i]f, upon grant of a nonsuit, jurisdiction over pending sanctions motions were to evaporate, litigants would be left to abuse of process without remedy, effectively nullifying the purposes of the statute."

IV

We conclude, therefore, that where, as here, a motion for sanctions pursuant to Code § 8.01-271.1 is pending when a plaintiff moves for a first nonsuit, the trial court is empowered to consider the sanctions motion either before the entry of the nonsuit order or within 21 days after the entry of the nonsuit order.  In failing to consider the pending motion for sanctions in the present case, the trial court erred. Therefore, we will reverse the trial court's ruling, set aside and vacate the nonsuit order, and remand the case to the trial court with directions that it consider and decide the motion for sanctions and thereafter enter an order granting Kong's motion for a nonsuit.

<u>Reversed and remanded</u>.