# CIRCUIT COURT OF FAIRFAX COUNTY

Donna Fell

v.

Leiser & Associates, P.L.L.C.

October 30, 2006

Case No. CL-2006-7498

BY JUDGE JANE MARUM ROUSH

I have received the defendant's "Motion for Reconsideration of Calendar Control Ruling Improperly Denying Leiser's Request to Schedule a Hearing on its Motion for Sanctions against Fell." The motion will be denied for the following reasons.

This case began when Donna Fell filed suit against Leiser & Associates, P.L.L.C. ("Leiser") in the General District Court of Fairfax County on April 6, 2006. She asked for $5,000 in damages for "misrepresentation, V.C.P.A., negligence, [and] malpractice." Leiser removed the case to this court. Leiser filed a plea in bar, asking that Fell's action be dismissed on the grounds of collateral estoppel. Specifically, Leiser maintained that Fell was collaterally estopped from litigating her claims as they had all been fully litigated and resolved against Fell in an earlier lawsuit between the parties. (*Leiser & Associates, P.L.L.C. v. Fell*, Case No. CL-2005-4878.) Leiser's plea in bar asked for an award of attorney's fees and costs, but not sanctions under Va. Code § 8.01-271.1. Leiser also filed a demurrer which requested the dismissal of the case and an award of its fees and costs, but did not request sanctions under Va. Code § 8.01-271.1.

On October 19, 2006, a hearing was held on Leiser's plea in bar before Judge McWeeny. Judge McWeeny granted the plea in bar and entered a final order that day dismissing the case with prejudice.

On October 25, 2006, Karen Leiser, an attorney representing Leiser, and Ms. Fell appeared before me in my capacity as Calendar Control Judge. Leiser requested that I suspend the final order in this case and schedule a trial

on a motion for sanctions under § 8.01-271.1 that Leiser expected to file. Ms. Leiser said that Leiser elected not to present evidence of its attorney's fees and costs at the time of the hearing on the plea in bar because it wanted to see "how the plea in bar came out." I denied the request to suspend the final order.

The present motion ensued. In the motion, Leiser argues that it is "entitled" to a hearing on its motion for sanctions and that the court's denial of a suspending order violated Leiser's right to due process.

The court finds that Leiser's reliance on the case of *Williamsburg Peking Corp. v. Kong*, 270 Va. 350, 619 S.E.2d 100 (2005), is misplaced. In that case, there was a pending motion for sanctions against the plaintiff when the court allowed the plaintiff to nonsuit. The trial court ruled that it had no jurisdiction to consider the motion for sanctions after the nonsuit order was entered. The Virginia Supreme Court reversed, holding that the trial court erred in not considering the motion for sanctions. The Court reasoned that, where a motion for sanctions under Va. Code § 8.01-271.1 is pending when a plaintiff moves for a first nonsuit, the trial court is empowered to consider the motion either before the nonsuit order or within 21 days after the entry of the nonsuit order.

The present case is markedly different from the facts of *Williamsburg Peking Corp.* There was no motion for sanctions pending when Judge McWeeny entered his final order on October 19, 2006, dismissing the case with prejudice. Leiser's request for attorney's fees and costs in its demurrer and plea in bar do not amount to a request for sanctions under Va. Code § 8.01-271.1. Further, having asked for an award of attorney's fees and costs, Leiser elected not to present any evidence of its fees and costs to Judge McWeeny. In *Lee v. Mulford*, 269 Va. 562, 611 S.E.2d 349 (2005), the Virginia Supreme Court held that a litigant does not have the right to have his claim for attorney's fees bifurcated from his primary claim and determined in a post-verdict proceeding unless the parties and court agree otherwise or unless provided for in the contract or statute.

In conclusion, Leiser had no entitlement to have the final order in this case suspended for the purpose of considering a motion that Leiser hoped to file requesting sanctions under Va. Code § 8.01-271.1. Whether to suspend the final order in this case was discretionary with the Court. I exercised my discretion in favor of not prolonging this litigation further with a second wave of litigation over the issue of sanctions.

For the foregoing reasons, Leiser's "Motion for Reconsideration of Calendar Control Ruling Improperly Denying Leiser's Request to Schedule a Hearing on its Motion for Sanctions against Fell" will be denied.