# CIRCUIT COURT OF THE CITY OF NORFOLK

Henry Hall

 v.

Virginia International
Terminals, Inc., et al.

 v.

Progress Rail
Services Corporation .

## Case No. (Civil) CL10-102

By Judge Everett A. Martin, Jr.

## March 4, 2011,
*nunc pro tunc* February 14, 2011

This action came to be heard February 14, 2011 on various motions. The plaintiff appeared in person and by counsel, Joseph J. Perez, Esq., Virginia International Terminals, Inc., ("VIT") appeared by counsel, Thomas S. Berkley, Esq., Norfolk Southern Corporation ("NSC") appeared by counsel, Daniel R. Warman, Esq., Progress Rail Services Corporation ("PRS") appeared by counsel, David Gibson, Esq.

The Court heard argument of counsel, and it is ordered that:

1. The plaintiff's motion to sever VIT's third-party complaint against PRS is granted;

2. VIT's and PRS's motions to amend their responsive pleadings and affirmative defenses to include intervening and superseding cause is granted;

3. VIT's motion to exclude expert testimony and NSC's motion to strike the complaint are granted in part.

In the plaintiff's signed answers to interrogatories and initially in his deposition, he claimed only one conviction for a felony or crime involving moral turpitude. VIT Motion to Exclude, Exhs. B, C. When confronted in

his deposition with a second felony conviction, he admitted it. He actually has at least two felony convictions and two convictions for misdemeanors involving moral turpitude. He served sixty days in jail in 2006 for the second felony conviction. VIT Motion to Exclude, Exh. D. Perhaps his failure to recall this in 2010 was mere forgetfulness.

He also failed to disclose in his answers to interrogatories one prior employer, Gerloff Painting, from whose service he was discharged in 2007 for threatening a fellow employee and possibly brandishing a knife. He worked for Gerloff for six months. VIT Motion to Exclude, Exh. A. He did mention this employment in his deposition. VIT Motion to Exclude, Exh. C. Perhaps his failure to disclose this in his answers to interrogatories was also forgetfulness, as he listed seven other employers.

Of greater concern to the Court is the plaintiff's failure to disclose in his answers to VIT's and NSC's interrogatories an event of January 21, 2006, in which he was taken to DePaul Hospital by ambulance with complaints quite similar to those he makes in this case. VIT Motion to Exclude, Exhs. A (No. 25) and B (Nos. 8, 9). Counsel for VIT discovered this through a *subpoena duces tecum* to DePaul Hospital. At one point in his treatment that day at DePaul, the plaintiff said: "I think I'm paralyzed." This case arose out of a collision between the plaintiff's car and a locomotive on March 5, 2008. The Court cannot expect a plaintiff to recall every medical appointment or problem he has had in the five years before an accident; however, being taken to a hospital by ambulance and claiming paralysis are not among the ordinary and easily forgotten events of life. The Court cannot believe the failure to disclose this event, when combined with the other failures to disclose, was forgetfulness or inadvertence. The Court finds, however, that dismissal of the action with prejudice would be too severe a sanction. Nor does the Court find the exclusion of the plaintiff's experts would be appropriate. The Court does find that some sanction is warranted, and it is therefore ordered pursuant to Code of Virginia § 8.01-271.1 and Rule 4:12:

(a) If the defendants wish to take a second deposition of the plaintiff, he will submit to the examination and pay the stenographer's fee and any transcription fees;

(b) If the defendants take the deposition of Drs. Wardell, Rodriguez, or Sloan, the plaintiff will pay the stenographer's fee and any transcription fees;

(c) Neither the plaintiff, his counsel, nor anyone on their behalf shall inform Drs. Wardell, Rodriguez, or Sloan of the event of January 21, 2006, or the plaintiff's treatment at DePaul Hospital that day; a violation of this provision of the order may result in the dismissal of the action with prejudice;

(d) Counsel for the plaintiff shall not mention the event of January 21, 2006, or the plaintiff's treatment at DePaul Hospital that day in his opening

statement, nor shall he ask any question on direct examination designed to elicit such information from any witness, factual or expert, including the plaintiff, nor shall the plaintiff mention it in his direct examination;

(e) 20% of any jury verdict the plaintiff recovers (after any reduction for any comparative negligence of the plaintiff) shall be remitted to VIT and NSC.

4. The motion to continue is denied.

## March 28, 2011

This action came to be heard March 17, 2011, on the defendants' second motions for sanctions. The plaintiff appeared in person and by counsel, Joseph J. Perez, Esq., Virginia International Terminals, Inc. ("VIT") appeared by counsel, Thomas S. Berkley, Esq., Norfolk Southern Corporation ("NSC") appeared by counsel, Daniel R. Warman, Esq., Progress Rail Services Corporation ("PRS") did not appear.

By order of March 4, 2011, the Court imposed evidentiary and monetary sanctions on the plaintiff. On March 8 and 9, VIT and NSC filed their second motions for sanctions. On March 14, the Court entered a nonsuit order regarding the plaintiff's claims.

The second motions for sanctions seek dismissal of the action with prejudice and attorneys' fees. The motions are based on VIT's discovery of additional undisclosed medical treatment the plaintiff received.

At the hearing on the first sanctions motions, Mr. Perez, after consulting the plaintiff, described the January 21, 2006, incident as "one isolated treatment." Transcript, p. 24, ll. 19-23; pg. 26, ll. 15-21. It seems Mr. Perez was misinformed. VIT had earlier issued a subpoena to Gerloff Painting, one of the plaintiff's former employers, and it discovered that the plaintiff had taken a pre-employment drug test at I & O Medical Center. As the plaintiff had been less than forthright in his answers to interrogatories, VIT on a hunch issued a *subpoena duces tecum* to I & O Medical Center while the first sanctions motions were under advisement and the case still on for trial. The records provided showed the plaintiff was treated there on eleven separate days between January 24 and February 11, 2006. It appears the plaintiff was receiving physical therapy for the condition that took him to the hospital on January 21. A comment attributed to the plaintiff in the records is: "I don't have to drag my leg anymore." Record of January 30, 2006.

Counsel for VIT contends the Court still has the authority to vacate the nonsuit order and to dismiss the action with prejudice. *Williamsburg Peking Corp. v. Kong*, 270 Va. 350, 619 S.E.2d 100 (2005). Counsel for the plaintiff acknowledges the Court still has the authority to impose some sanctions, but argues that dismissal with prejudice is not among them as the plaintiff has an absolute right here to suffer a nonsuit. Code of Virginia

§ 8.01-380(B); *Nash v. Jewell*, 227 Va. 230, 315 S.E.2d 825 (1984). The Court need not resolve the issue as it still finds dismissal of the action with prejudice would be too severe a sanction. This case is not like *EER Systems, Inc. v. Armfield, etc.*, 51 Va. Cir. 84 (1999), where there were persistent, pervasive, and contemptuous discovery violations.

The Court does agree with defendants' counsel that *this* plaintiff ought not be able to escape sanctions by suffering a nonsuit. The Court has reviewed the sanctions imposed by the order of March 4 and finds that those imposed by subparagraphs (a) and (e) ought to follow the plaintiff should he elect to re-file this action. Sanctions under Code of Virginia § 8.01-271.1 and Rule 4:1(g) may be imposed against parties. The plaintiff here remains a party to this action, and he will be the party-plaintiff should he choose to re-file it.

As the event of January 21, 2006, and the treatment of January 24 through February 11 are now known, the Court finds the sanctions imposed by subparagraphs (b) and (d) ought not to be re-imposed. The parties will have sufficient time to explore the pre-existing condition issue if the action is re-filed. Furthermore, as there would be a considerable passage of time before any re-filed action would come to trial, as a patient should always be free to give his complete medical history to a treating physician and as the plaintiff may need to consult Drs. Wardell, Rodriguez, or Sloan, it would be improper to have the sanction of subparagraph (c) follow the plaintiff.

VIT and NSC seek to recover more than $150,000 in attorneys' fees and expenses from the plaintiff. The amounts they seek are far beyond the plaintiff's ability to pay. The plaintiff has worked as a painter and a machine operator; his employment history is not steady. The Court has reviewed the statements the defendants have produced and, given the sanctions re-imposed and those the plaintiff will avoid by his nonsuit, finds appropriate only an award of fees and expenses related to a review of the plaintiff's answers to interrogatories and the discovery of and response to his untruthfulness. The Court awards VIT $6,000 attorneys' fees and expenses and NSC $4,000 attorneys' fees and expenses. Large corporations such as VIT and NSC may consider such an award to be "token," but the Court does not believe someone in the plaintiff's circumstances will find it so.

It is therefore ordered:

(a) If the plaintiff re-files this action against VIT, NSC, or either of them, he will: (1) pay the stenographer's fee and any transcription fee if any defendant elects to depose him, and (2) remit 20% of any jury verdict he recovers (after any reduction for comparative negligence) to VIT and NSC, or either of them should he only sue one;

(b) The plaintiff shall pay a sanction of $6000 to VIT;

334

(c) The plaintiff shall pay a sanction of $4000 to NSC.

Endorsements are waived pursuant to Rule 1:13. The Clerk shall send copies of this order to counsel for the parties.