Present: Kinser C.J., Goodwyn, Millette, and Mims, JJ., and
Carrico and Koontz, S.JJ.[*]

GARR N. JOHNSON, ET AL.

OPINION BY
v.  Record No. 092323    JUSTICE LEROY F. MILLETTE, JR.
                                  March 4, 2011
GREGORY WOODARD, ET AL.

FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
Westbrook J. Parker, Judge Designate

In this appeal, we consider whether the circuit court

erred in imposing sanctions against forty Gloucester citizens

(the petitioners) who submitted petitions in the circuit court

seeking the removal of four members (the supervisors) of

Gloucester County's seven member Board of Supervisors pursuant

to Code §§ 24.2-233 and 24.2-235.  Although the petitioners

raise a number of issues, we address only two issues that are

dispositive of this appeal.  First, whether the circuit court

retained jurisdiction beyond 21 days to consider a motion for

sanctions after entry of a nonsuit order which stated that the

court was retaining jurisdiction and that it was not a final

order for purposes of Rule 1:1.  Second, whether the

petitioners were parties to the removal action such that they

may be subject to sanctions pursuant to Code § 8.01-271.1.  We

hold that the circuit court had jurisdiction to consider the

---

[*] Justice Koontz presided and participated in the hearing
and decision of this case prior to the effective date of his
retirement on February 1, 2011; Justice Kinser was sworn in as
Chief Justice on February 1, 2011.

motion for sanctions, but erred in imposing sanctions against the petitioners because they were not parties to the removal action.

## I.    BACKGROUND

The petitioners submitted petitions pursuant to Code §§ 24.2-233 and 24.2-235 seeking to remove the supervisors from office.[1]  The petitions were signed by the petitioners and also were signed by ten percent of the registered voters who voted in the last election for the Gloucester County Board of Supervisors.  The petitions alleged that the supervisors engaged in conduct that amounted to a "neglect of duty, misuse of office, or incompetence in the performance of duties."  At the time the petitions were submitted in the circuit court, the

---

[1] Code § 24.2-233, entitled "Removal of elected and certain appointed officers by courts," provides in pertinent part:

> Upon petition, a circuit court may remove from office any elected officer or officer who has been appointed to fill an elective office, residing within the jurisdiction of the court:
>
> 1.    For neglect of duty, misuse of office, or incompetence in the performance of duties when that neglect of duty, misuse of office, or incompetence in the performance of duties has a material adverse effect upon the conduct of the office.

Code § 24.2-235, entitled "Procedure," establishes the procedure for initiating a removal action, and provides that once a petition is filed in the circuit court, "the court shall issue a rule requiring the officer to show cause why he should not be removed from office."

2

supervisors were under criminal indictments for, among other things, violating the Virginia Freedom of Information Act.  The petitions cited the allegations made in the indictments as a basis for removal pursuant to Code § 24.2-233.

After the petitions were filed, the circuit court issued rules to show cause against the supervisors as required by Code § 24.2-235.  The circuit court appointed a special prosecutor to litigate the removal action, and to prosecute the supervisors on the criminal charges alleged in the indictments. The criminal charges against the supervisors were later dismissed upon a motion to dismiss filed by the special prosecutor.

The special prosecutor then moved to nonsuit the removal action.  During a hearing on the motion to nonsuit, the special prosecutor first stated that the motion was made strictly on procedural grounds, that the signatures of the petitioners were not executed under penalty of perjury, and that the grounds for removal were not stated with reasonable accuracy and detail. However, the special prosecutor added that witnesses who were initially cooperative were no longer cooperative.  Based upon the information that he had from the witnesses, the special prosecutor stated that while there were "bad decisions" made, there were "no criminal acts" committed by the supervisors, and that he believed the case would not withstand a motion to

3

strike.  The circuit court granted the motion and entered an order entitled "ORDER OF NONSUIT" (the nonsuit order).  The nonsuit order stated, in part:

> [It is] ORDERED that, for purposes of Rule 1:1, this is not a final order, in that this Court shall retain jurisdiction of this matter to consider any application for attorney's fees and costs and such other relief as may be sought.

After entry of the nonsuit order, the supervisors filed an application for attorney's fees and costs pursuant to Code § 24.2-238, and a motion for sanctions against the petitioners pursuant to Code § 8.01-271.1.  During a hearing on these motions, the circuit court stated that he had "never seen more of a misuse of the judicial system" in his 23 years as a judge.  The circuit court awarded the supervisors attorney's fees and costs pursuant to Code § 24.2-238.[2]  The court also ordered that each petitioner pay $2,000 as a sanction for violating Code

---

[2] In 2009, after the resolution of this case in the circuit court, the General Assembly amended Code § 24.2-238.  The amendment prohibits the imposition of attorney's fees, costs, and sanctions on persons who sign removal petitions.  The amendment states:

> No person who signs a petition for the removal of an official pursuant to § 24.2-233 or who circulates such a petition (i) shall be liable for any costs associated with removal proceedings conducted pursuant to the petition, including attorney fees incurred by any other party or court costs, or (ii) shall have sanctions imposed against him pursuant to § 8.01-271.1.

2009 Acts chs. 868, 876.

4

§ 8.01-271.1.  The June 2, 2009 order awarding attorney's fees and costs and imposing sanctions was entered well more than 21 days after the November 19, 2008 nonsuit order.  We granted the petitioners this appeal.

## II.  DISCUSSION

### A.  Jurisdiction

The petitioners argue that the nonsuit order was a final order for purposes of Rule 1:1, and thus the circuit court lost jurisdiction over the case 21 days after its entry. Accordingly, the petitioners contend that the circuit court did not have jurisdiction to award the supervisors attorney's fees and costs or to impose sanctions against the petitioners because the circuit court's order awarding attorney's fees and costs and imposing sanctions was entered more than 21 days after entry of the nonsuit order.  We disagree.

Under Rule 1:1, "[a]ll final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer."  In Williamsburg Peking Corp. v. Kong, 270 Va. 350, 619 S.E.2d 100 (2005), we discussed Rule 1:1 and a circuit court's jurisdiction in a case in which a plaintiff moved for a nonsuit when confronted with a motion for sanctions.

5

In *Williamsburg Peking*, the circuit court granted the plaintiff's motion for a nonsuit, but refused to consider the defendant's pending motion for sanctions, concluding that it no longer had jurisdiction after granting the plaintiff's motion for a nonsuit. Id. at 352, 619 S.E.2d at 101. In reversing the judgment of the circuit court, we stated that "an order granting a nonsuit should be subject to the provisions of Rule 1:1," and, as such, "like all final judgments, [the nonsuit order] remained under the control and jurisdiction of the trial court for 21 days after the date of entry." Id. at 354, 619 S.E.2d at 102 (internal quotation marks and citations omitted). Recognizing that a motion for sanctions "has no bearing on the facts giving rise to a right to seek judicial remedy," we concluded that "the entry of a nonsuit order does not conclude a case as to any pending motion for sanctions." Id. Accordingly, we stated that under the facts of the case, the circuit court was "empowered to consider the sanctions motion either before the entry of the nonsuit order or within 21 days after the entry of the nonsuit order." Id. at 355, 619 S.E.2d at 102-03.

Thus, our decision in *Williamsburg Peking* holds that a circuit court retains jurisdiction to consider a party's motion for sanctions for 21 days after entry of a nonsuit order. However, in this case, unlike in *Williamsburg Peking*, the

6

nonsuit order explicitly stated the circuit court's intent to retain jurisdiction to consider the motion for sanctions beyond the 21-day period in Rule 1:1.  The supervisors argue that this language in the nonsuit order was sufficient to retain jurisdiction beyond the 21-day period in Rule 1:1.  We agree.

In Super Fresh Food Markets of Virginia, Inc. v. Ruffin, 263 Va. 555, 558, 561 S.E.2d 734, 735 (2002), we addressed "the requirements of Rule 1:1 to extend the time within which a final judgment remains under the control of the trial court." In Super Fresh, we stated:

> Rule 1:1 facially contemplates the existence of a final judgment that a court subsequently seeks to modify, vacate, or suspend.  The rule is not applicable prior to the entry of a final judgment, and the twenty-one day time period contained in the rule does not delay the finality of a judgment. Thus, when a trial court enters an order, or decree, in which a judgment is rendered for a party, unless that order expressly provides that the court retains jurisdiction to reconsider the judgment or to address other matters still pending in the action before it, the order renders a final judgment and the twenty-one day time period prescribed by Rule 1:1 begins to run.

Id. at 561, 561 S.E.2d at 737.

Thus, Super Fresh holds that a circuit court may avoid the application of the 21 day time period in Rule 1:1 by including specific language stating that the court is retaining jurisdiction to address matters still pending before the court. In the present case, the nonsuit order explicitly stated the court's intent to retain jurisdiction over the case:  "this

7

Court shall retain jurisdiction of this matter to consider any application for attorney's fees and costs."  The nonsuit order also stated that "for [the] purposes of Rule 1:1, this is not a final order."  Under our holding in Super Fresh, the nonsuit order was not a final order under Rule 1:1 because the language was sufficient for the court to retain jurisdiction to consider the motions for attorney's fees and costs and sanctions.  We therefore hold that the circuit court had jurisdiction to enter the order awarding attorney's fees and costs and imposing sanctions against the petitioners.

### B.    Parties to the Removal Action

The petitioners next contend that the circuit court erred in sanctioning them pursuant to Code § 8.01-271.1 because they were not parties to the removal action.  The petitioners assert that the only parties to the removal action are the Commonwealth, as the moving party, and the supervisors, as the responding parties.  Therefore, the petitioners conclude that the circuit court erred in imposing sanctions against them.[3]  We agree with the petitioners on this issue.

Pursuant to Code § 24.2-233, a removal action commences "[u]pon petition" that "must be signed by a number of

---

[3] As we stated in footnote 2, supra, the General Assembly amended Code § 24.2-238 while this case was on appeal.  Under current Code § 24.2-238(B), no person who signs a removal petition shall have sanctions imposed against him pursuant to Code § 8.01-271.1.

8

registered voters who reside within the jurisdiction of the officer equal to ten percent of the total number of votes cast at the last election for the office that the officer holds." After the petition is filed in the circuit court, "the court shall issue a rule requiring the officer to show cause why he should not be removed from office." Code § 24.2-235 (emphasis added). Thus, petitioners initiate a removal action by submitting petitions that, once filed in the circuit court, require the court to issue rules to show cause against the officers. While petitioners in a removal action initiate the action by filing a petition, the Code does not state that they are parties to the removal action.

Although the Code does not explicitly state who is the moving party in a removal action, Code § 24.2-237 provides guidance. This Code section, titled "Who to represent Commonwealth; trial by jury; appeal," provides that the "attorney for the Commonwealth shall represent the Commonwealth in any trial under this article." The section goes on to state that "[t]he Commonwealth and the defendant shall each have the right to apply to the Supreme Court for a writ of error." Code § 24.2-237. This language presupposes that the Commonwealth is the moving party in a removal action. This view is also supported by our case law. In reviewing a removal action under a predecessor statute, we stated it is "one which is primarily

9

public in its nature, which although not a criminal case is one highly penal in its nature, and one in which the Commonwealth is the party plaintiff." Warren v. Commonwealth, 136 Va. 573, 594, 118 S.E. 125, 131 (1923).

Nothing in the Code or our jurisprudence supports the supervisors' argument that the petitioners are parties to the removal action. The supervisors correctly note that the caption of this case in the circuit court – and the caption of the case in this Court – lists the petitioners as the moving parties. The supervisors also cite the fact that the circuit court purported to assign a special prosecutor to represent the interests of the petitioners. But, neither putting a non-party's name in the caption of a case nor assigning counsel to represent a non-party makes such person a party to a case.

A petitioner in a removal action is analogous to a victim in a criminal proceeding. In both cases, while the Commonwealth's Attorney may be advancing the interests of the petitioner or victim, the real party in interest is the Commonwealth. Selected Risks Ins. Co. v. Dean, 233 Va. 260, 263-64, 355 S.E.2d 579, 580-81 (1987). Additionally, in both cases, the Commonwealth's Attorney does not owe the petitioner or victim a professional duty. See Rule 1.2(a) of the Virginia Rules of Professional Conduct; Restatement (3rd) of the Law Governing Lawyers § 14 (2000) (creation of lawyer-client

10

relationship requires manifestation of an "intent that the lawyer provide legal services for the person" and that "the lawyer manifests to the person [the lawyer's] consent to do so"). The Commonwealth's Attorney's duty is to further the best interests of the Commonwealth, not the interests of the respective petitioners. Counsel for the supervisors acknowledged that the special prosecutor represented the Commonwealth and not the petitioners when, in arguing against the entry of a nonsuit, he stated:

> The posture in which this case is in front of you is in the form of the Commonwealth versus public officials. The petitioners have no role in the sense that it is the Commonwealth that determines how to proceed, if to proceed. The petitions are really what initiates or brings to the forefront the demand, if you will, on the Commonwealth if it should proceed. So Mr. Randall [the special prosecutor] is truly representing the Commonwealth and not the citizens [the petitioners].

Having concluded that the petitioners were not parties to the removal proceeding, we now address whether the petitioners – as non-parties – were subject to sanctions under Code § 8.01-271.1. For the reasons stated below, we hold that Code § 8.01-271.1 applies only to parties and their attorneys, and does not permit the imposition of sanctions against the petitioners because they were not "parties" to the removal action.

Code § 8.01-271.1 provides, in part, that the

> signature of **an attorney or party** constitutes a certificate by him that (i) he has read the pleading,

11

motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

(Emphasis added.)

This Code section also places a similar duty upon "an attorney or party" making an oral motion. Id. The last paragraph in Code § 8.01-271.1 gives circuit courts the authority to impose sanctions for a violation of these duties:

If a pleading, motion, or other paper is signed or made in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon **the person who signed the paper or made the motion, a represented party, or both**, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

(Emphasis added.)

The supervisors argue that the court had the authority to sanction the petitioners because the statute states that the court may sanction a "person who sign[s]" a paper in violation of the statute. According to the supervisors, the term "person" is broader than "attorney or party," and as such, it includes non-parties – such as the petitioners - who submit

12

papers with the court because they are "person[s] who signed" papers. We disagree.

The first paragraph of Code § 8.01-271.1 provides that "[e]very pleading, written motion, and other paper" must be signed by either an attorney who represents a party or a party who is not represented by an attorney. As stated above, the second paragraph imposes a duty upon "an attorney or party" who signs a paper that is filed with the court. The fourth paragraph of Code § 8.01-271.1 provides the penalty for violation of the duties imposed by the statute. That paragraph provides that an appropriate sanction may be imposed upon "the person who signed the paper or made the motion, a represented party, or both." Code § 8.01-271.1. This paragraph is referring to a violation of the duties that are imposed upon "attorney[s] or part[ies]" in the second and third paragraphs of the statute. As such, the term "person" refers only to an "attorney or party" that has a duty under Code § 8.01-271.1. See Andrews v. Ring, 266 Va. 311, 319, 585 S.E.2d 780, 784 (2003) ("When general words and specific words are grouped together, the general words are limited and qualified by the specific words and will be construed to embrace only objects similar in nature to those objects identified by the specific words."). Thus, under Code § 8.01-271.1, a court may only sanction an "attorney or party" who violates the duties imposed

13

by the statute.  Having concluded that the petitioners were not subject to sanctions under Code § 8.01-271.1, we hold that the circuit court erred in imposing sanctions against the petitioners because they were not parties in the removal action.

### III. <u>CONCLUSION</u>

For the reasons stated above, we will reverse the judgment of the circuit court imposing sanctions against the petitioners.  Because of our decision on the two issues discussed, the remaining issues raised by the petitioners are rendered moot.

<u>Reversed and final judgment.</u>