## CIRCUIT COURT OF FAIRFAX COUNTY

Carl Ey
and Jennifer Kraly Ey

    v.

Dieter J. Blume,
Anne Voegele,
and McEnearney
Associates, Inc.

February 5, 2016

Case No. CL-2014-10534

BY JUDGE BRETT A. KASSABIAN

This case is before the Court on the Defendant McEnearney Associates, Inc.'s (hereafter McEnearney) Motion for Reconsideration. The Court denies the Motion for Fees and Sanctions for the following reasons.

*Background*

In August 2014, Plaintiffs filed suit against two individual defendants and one corporate defendant, McEnearney. McEnearney filed an answer denying the claims and requesting fees in the answer, but never filed a counterclaim or, for that matter, any independent claim for attorney's fees.

On August 5, 2015, Plaintiffs' motion for nonsuit was granted without objection as to defendant McEnearney only. McEnearney never requested and the Court never entered an order suspending this August 2015 nonsuit order. Plaintiffs continued to pursue their claims against the remaining individual defendants: Deiter Blume and Anne Voegele.

Two months later, on October 7, 2015, defendant McEnearney filed its Motion for Attorney's Fees and Sanctions. Defendant sought attorney's fees based on the request it made in its Answer to Plaintiffs' Amended

Complaint in accordance with the parties' Regional Sales Contract, as well as Va. Code § 8.01-271.1.

On November 20, 2015, Plaintiffs' second motion for nonsuit was granted, and the matter was nonsuited as to the remaining two individual defendants. The November 2015 nonsuit order was timely suspended until December 31, 2015. The nonsuit order was suspended for a second time until January 29, 2016, and for a final time until February 5, 2016.

On December 23, 2015, the matter came before the Court on McEnearney's previously filed Motion for Attorney's Fees and Sanctions. On that day, the Court entered an Order denying the motion in part based upon a want of jurisdiction. That order was subsequently suspended until January 29, 2016, and again until February 5, 2016, for the Court to consider additional briefs on McEnearney's motion to reconsider.

Presently, the matter is before the Court on Defendant McEnearney's Motion for Reconsideration of this Court's December 23, 2015, Order. The main issues before the court are: (1) whether the Court has jurisdiction to consider Defendant's Motion for Fees and Sanctions; and (2) if the Court does have jurisdiction, whether the Court should award attorney's fees or impose sanctions in this case.

*Analysis*

A. *Jurisdiction*

In its December 23, 2015, Order, this Court stated that it "does not have jurisdiction" to rule on Defendant McEnearney's claims for attorney's fees and sanctions "because more than 21 days elapsed from the August 5, 2015, nonsuit order and no suspending order was entered within those 21 days." The Court now reconsiders that finding and holds that it does have jurisdiction to consider Defendant's claims. Pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia, "[a]ll final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." The running of time under this Rule may be interrupted only by the entry, within the 21-day period after final judgment, of an order suspending or vacating the final order. *Berean Law Group, P.C. v. Cox,* 259 Va. 622, 626, 528 S.E.2d 108, 111 (2000) (citations omitted).

"[A] final order for purposes of Rule 1:1 is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *James v. James,* 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002). Simply put, a final order is "an order that is dispositive of the entire case." *Boukhira v. George Mason Univ.,* 2015 Va. App. LEXIS 363 (Va. App. Dec. 8, 2015) (citing *Black's Law Dictionary* (8th ed. 2004)).

The Supreme Court of Virginia has held that nonsuit orders, in general, are "final orders" subject to the provisions Rule 1:1. *See* W*illiamsburg Peking Corp. v. Xianchin Kong,* 270 Va. 350, 354, 619 S.E.2d 100, 102 (2005); *James,* 263 Va. at 481, 562 S.E.2d at 137. This is because, in many cases, "when a court enters a nonsuit order, the case becomes 'concluded as to all claims and parties,' and 'nothing remains to be done.' *James,* 263 Va. at 481, 562 S.E.2d at 137 (citing *Dalloul v. Agbey,* 255 Va. 511, 515, 499 S.E.2d 279, 282 (1998)).

Based on the above cited law, this Court holds that the August 5, 2015, nonsuit order was not a final order for the purposes of Rule 1:1. That order was not dispositive of the entire case as Plaintiffs' claims against two of the three defendants remained pending before the Court. The order, therefore, differs from the nonsuit orders involving one Plaintiff and one Defendant considered by the Supreme Court in *Williamsburg* and *James.* In addition, the order was not expressly labeled "Partial Final Judgment" in compliance with Rule 5:8A of the Rules of the Supreme Court of Virginia and thus does not constitute a final judgment.

Rule 5:8A provides:

> When claims for relief are presented in a civil action against multiple parties — whether in a complaint, counterclaim, cross-claim, or third-party claim — the trial court may enter final judgment as to one or more but fewer than all of the parties only by entering an order expressly labeled "Partial Final Judgment."

The Rule further states:

> [A]ny order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in the action is not a final judgment.

In contrast, this Court holds that the November 20, 2015, nonsuit order is a final order. In accordance with the definition of a final order, that order disposed of the whole subject and left nothing to be done in the case. Notwithstanding this holding, this Court retains jurisdiction to consider McEnearney's requests for attorney's fees and sanctions because the November 20, 2015, final order was ultimately suspended until February 5, 2016.

### B. *Request for Attorney's Fees*

Having resolved the fundamental jurisdictional issue, this Court next turns to the merits of Defendant's claims for fees and sanctions. First, this Court denies McEnearney's contractual claim for attorney's fees because

the claim was ended by the August 5, 2015, nonsuit order and was, therefore, not pending as of the November 20, 2015, final nonsuit order.

As mentioned above, the August 2015 nonsuit order entered in this case nonsuited Plaintiffs' claims against Defendant McEnearney only. The Order, which was signed by all parties without objection, specifically acknowledged *"that said Defendant has not filed any counterclaim, cross-claim or third party-claim herein."* (Emphasis added.) While McEnearney did request attorney's fees in its Answer to Plaintiffs' Amended Complaint, it is undisputed that Defendant never filed a separate independent claim for fees prior to entry of the August 2015 nonsuit order, The Order specifically "dismissed [the matter] without prejudice as to Defendant McEnearney Associates" and left no independent claims brought by Defendant pending before the Court. Therefore, this Court holds that upon entry of the August 2015 nonsuit order, Defendant's claim for attorney's fees, which was raised solely in its Answer, was ended.

At no time between the entry of the first nonsuit order in August 2015 and the entry of the second nonsuit order in November 2015 did McEnearney make a subsequent demand for attorney's fees in accordance with Rule 3:25, which applies to claims for non-sanctionable fees.

Rule 3:25(A) provides: "This rule applies to claims for attorney's fees, excluding . . . attorney's fees under § 8.01-271.1. . . ." Rule 3:25(B) provides, "A party seeking to recover attorney's fees shall include a demand therefor in the complaint filed pursuant to Rule 3:2, in a counterclaim filed pursuant to Rule 3:9, in a cross-claim filed pursuant to Rule 3:10, in a third-party pleading filed pursuant to Rule 3:13, or in a responsive pleading filed pursuant to Rule 3:8."

The only matter filed was Defendant's October 7, 2015, motion for fees and sanctions. As a result, there was no claim for attorney's fees, as opposed to sanctions, pending at the time the Court entered the November 20, 2015, final nonsuit order.

In *Williamsburg Peking Corp. v. Xianchin Kong,* the Supreme Court of Virginia ruled, "[T]he entry of a nonsuit order does not conclude a case as to any *pending* motion for sanctions." 270 Va. at 354, 619 S.E.2d at 102 (emphasis added). Accordingly, the Court held that the trial court erred in failing to consider a motion for sanctions that was pending at the time it entered a nonsuit order. *Id.* at 355, 619 S.E.2d at 103. The Court clarified that the trial court is empowered to consider such pending motions "either before the entry of the nonsuit order or within twenty-one days after the entry of the nonsuit order." *Id.* at 355, 619 S.E.2d at 103.

Even assuming the ruling in *Williamsburg* applies to claims for attorney's fees in addition to motions for sanctions, the outcome in the present case is not altered. Here, there was no pending claim for attorney's fees at the time the November nonsuit order was entered, as the prior claim raised in Defendant's Answer was ended by the August 2015 nonsuit order and

no independent claim was ever timely filed. Accordingly, the Court denies McEnearney's motion for contractual attorney's fees even though the Court retains jurisdiction pursuant to the suspending orders entered in this case.

## C. *Request for Sanctions*

Finally, this Court must consider McEnearney's Motion for Sanctions pursuant to Va. Code § 8.01-271.1. The Court denies that request because it finds that Defendant has not met its burden in proving that sanctionable conduct occurred in this case.

Va. Code § 8.01-271.1 allows for the imposition of sanctions where an attorney or party files a pleading, motion, or other paper that is not "well grounded in fact and [] warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law" and in cases where such a filing is "interposed for any improper purpose." As previously stated in the order entered on December 23, 2015, the Court finds no violation of this statute.

## Conclusion

After considering the arguments raised by all counsel, the Court denies Defendant McEnearney's Motion for Attorney's Fees and Sanctions for the reasons stated herein.