COURT OF APPEALS OF VIRGINIA

Present: Judges Fulton, Causey and Bernhard

JUST WRIGHT DISTRIBUTION, INC.
 BY JULIUS WRIGHT

                                                        MEMORANDUM OPINION*
v.          Record No. 0709-24-1                               PER CURIAM
                                                              APRIL 1, 2025

REID COASTAL LOGISTICS, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Robert G. MacDonald, Judge

(J.A. Currin; Equal Justice Center, PLC, on brief), for appellant.

(Gregory S. Bean; Allison M. Strayer; Gordon Rees Scully
Mansukhani, LLP, on brief), for appellees.


      Just Wright Distribution, Inc. (Wright) appeals the circuit court's award of attorney fees to

Reid Coastal Logistics (Coastal) under Code § 8.01-271.1.  Wright contends the sanctions were

improper because Code § 8.01-380(B) allows a first nonsuit without penalty.  The circuit court,

however, determined that Code § 8.01-380(B) did not preclude it from awarding sanctions under

Code § 8.01-271.1.  We affirm the circuit court's decision.[1]

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] After examining the briefs and record in this case, the panel unanimously holds that oral
argument is unnecessary because "the dispositive issue or issues have been authoritatively
decided, and the appellant has not argued that the case law should be overturned, extended,
modified, or reversed."  Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND[2]

Wright sued Coastal for breach of contract, fraud, and violations of the Uniform Commercial Code, the Virginia Consumer Protection Act, and the Virginia Heavy Equipment Dealer Act.[3] Finding Wright's complaint deficient, Coastal filed a demurrer and motion craving oyer. On December 19, 2023, Coastal's counsel set both the demurrer and motion craving oyer for a hearing date on January 31, 2024. At the demurrer hearing, Wright's counsel moved for a continuance because her "client [is] not . . . available" and she "need[ed] to amend the complaint." Although Coastal had filed the demurrer in November 2023, Wright's counsel waited until the demurrer hearing to request a continuance. The circuit court rejected Wright's oral request for a continuance. Coastal moved for attorney fees. Then, Wright's counsel sought a nonsuit.

Coastal argued that attorney fees were appropriate because Wright was unwilling to move forward with the scheduled hearing in her client's absence and neglected to act or request a continuance prior to the hearing. Moreover, Coastal argued that it had to prepare for the hearing and travel for the court appearance. Additionally, Wright had failed to remedy the pleading deficiencies that Coastal's responsive pleadings highlighted.

Finding significant deficiencies on the face of the pleadings, the circuit court questioned whether Wright's counsel had "reviewed [the] pleading before signing" it. The flaws were so readily apparent that "it would be difficult to find that this pleading has been read." Finding that Wright's counsel should have recognized and addressed the pleading deficiencies before the hearing, the circuit court sanctioned Wright $1,500 in attorney fees. The circuit court determined

---

[2] Under settled appellate principles, we state the facts in the light most favorable to Coastal, the party that prevailed in the circuit court. *Horn v. Webb*, 302 Va. 70, 77 (2023).

[3] The complaint is captioned "Just Wright Distribution Inc. v. Reid Costal Logistics," but the prayer for relief and plaintiff-signature block lists the plaintiff as "RTF Distribution Inc."

that the complaint violated the certification requirements of Code § 8.01-271.1(B).[4]  The circuit

court awarded sanctions for the *pleading violation*, not Wright's request to nonsuit.

On appeal, Wright argues that the circuit court erred in awarding attorney fees.  Wright

contends that an attorney fee award in the context of a first nonsuit is improper because the "right to

the initial nonsuit may not be limited by the Court."[5]  Coastal counters that Code § 8.01-380(B)

does not preclude an award of attorney fees under Code § 8.01-271.1, regardless of the right to a

first nonsuit.  This appeal follows.

ANALYSIS

We review the circuit court's award of sanctions under Code § 8.01-271.1 for abuse of

discretion.  *Williams & Connolly, LLP v. People for the Ethical Treatment of Animals, Inc.*, 273

Va. 498, 509 (2007).  In determining whether an attorney's conduct violated Code § 8.01-271.1,

the court applies an objective standard of reasonableness.  *Nedrich v. Jones*, 245 Va. 465, 471

(1993).

I.  Code § 8.01-380(B) does not preclude sanctions under Code § 8.01-271.1.

"Courts have statutory and inherent power to 'protect [their] jurisdiction from repetitious

and harassing conduct that abuses the judicial process.'"  *Gordon v. Kiser*, 296 Va. 418, 424

(2018) (alteration in original) (quoting *Adkins v. CP/IPERS Arlington Hotel LLC*, 293 Va. 446,

---

[4] Code § 8.01-271.1(B) provides:

> The signature of an attorney or party constitutes a certificate by
> him that (i) he has read the pleading, motion, or other paper, (ii) to
> the best of his knowledge, information and belief, formed after
> reasonable inquiry, it is well grounded in fact and is warranted by
> existing law or a good faith argument for the extension,
> modification, or reversal of existing law, and (iii) it is not
> interposed for any improper purpose, such as to harass or to cause
> unnecessary delay or needless increase in the cost of litigation.

[5] The circuit court recognized the right to a first nonsuit.

452-53 (2017)). Given that authority, the Supreme Court has held that a circuit court "retains jurisdiction to consider a motion for sanctions . . . either before it rules on the request for nonsuit or if it rules within 21 days of entry of a final order in the case." *Id.; see also Johnson v. Woodard*, 281 Va. 403, 409 (2011) (holding that circuit court retains "jurisdiction to consider a party's motion for sanctions for 21 days after entry of a nonsuit order").

The Supreme Court has explained that the circuit court's continuing jurisdiction applies irrespective of whether the judgment order addresses a nonsuit because a "motion for sanctions is an application made to a court for the imposition of a penalty for alleged misconduct of a party or lawyer or for alleged abuse of the system." *Williamsburg Peking Corp. v. Xianchin Kong*, 270 Va. 350, 354 (2005). "The [sanctions] motion has no bearing on the facts giving rise to a right to seek judicial remedy. Thus, the entry of a nonsuit order does *not* conclude a case as to any pending motion for sanctions." *Id.* (emphasis added). Indeed, the "General Assembly never intended that a nonsuit order could exonerate a litigant's misconduct." *Id.*

Wright's reliance on an unpublished opinion of this Court[6] is unavailing because the Supreme Court has spoken authoritatively on the subject since our unpublished ruling. We are bound by the Supreme Court's precedents. *Vay v. Commonwealth*, 67 Va. App. 236, 258 n.6 (2017). Thus, we find no jurisdictional infirmity in the circuit court's award of sanctions notwithstanding Wright's exercise of the right to nonsuit the complaint.

II. The circuit court did not abuse its discretion in awarding attorney fees, and the amount was not arbitrary.

> If a pleading . . . is signed . . . in violation of this section, the court, upon motion or upon its own initiative, shall impose upon the person who signed the paper . . . a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses

---

[6] *Croom v. Bryum*, No. 2134-00-1, 2001 Va. App. LEXIS 171 (Apr. 3, 2001).

> incurred because of the filing of the pleading, . . . including
> reasonable attorney fees.

Code § 8.01-271.1(D); *see also Williams & Connolly*, 273 Va. at 514 (upholding sanctions where motions lacked well-grounded factual foundation).

Wright, citing to *Oxenham v. Johnson*, 241 Va. 281 (1991), contends that the circuit court's award of attorney fees resulted from abuse of discretion. Wright further contends that the amount of fees was unreasonable and "not based on evidence." Wright argues there was "no attorney fee affidavit nor other reliable basis for the amount the court awarded."

We hold that the circuit court did not abuse its discretion in awarding attorney fees after finding that counsel had violated Code § 8.01-271.1(B) by not reading the deficient pleadings and "took no action to correct or remedy the issues relating to her motion for continuance prior to the hearing on January 31, 2024." The circuit court found that the complaint was facially deficient. For example, though Wright was the named plaintiff, the prayer for relief sought relief only for a separate entity "RTF Distribution Inc.," and counsel signed as counsel for RTF Distribution Inc., not Wright. The deficiencies and Wright's counsel's lack of familiarity with the facts led to the circuit court's objectively reasonable conclusion that Wright's counsel had not read the complaint before signing and filing it. Failure to read the pleadings is reasonable grounds for sanctions. *See* Code § 8.01-271.1(D).

Wright contends the amount of the fee award is unsubstantiated. We disagree. Coastal's attorney testified there were $1,350 in billable fees, plus two hours of travel and about 1.5 hours at the hearing, with her billable rate at $225 per hour. This evidence was sufficient for the circuit court to weigh the value of the services required to respond to Wright's improper pleading. *See Beale v. King*, 204 Va. 443, 446 (1963) (holding that the court "must weigh the testimony of attorneys as to the value of the services, by reference to their nature, the time occupied in their performance, and other attending circumstances, and by applying . . . their own experience and

knowledge of the character of such services" (quoting 7 Am. Jur. 2d, *Attorneys at Law* § 269)).

Thus, we hold that the fee award amount was not arbitrary.

III. The circuit court retained jurisdiction to award attorney fees.

Under Rule 1:1(a), the circuit court retains jurisdiction over final orders for 21 days. An order is final "if it disposes of the entire matter before the court, including all claim(s) and all cause(s) of action against all parties, gives all the relief contemplated, and leaves nothing to be done by the court except the ministerial execution" of the court's order. Rule 1:1(b). "The rule is not applicable prior to the entry of a final judgment." *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 561 (2002).

The parties dispute whether the circuit court could reserve jurisdiction to award attorney fees in the context of a first nonsuit. At the hearing, the circuit court concluded that it could retain jurisdiction to consider the motion for attorney fees, citing to *Super Fresh*. The record shows that the circuit court awarded the attorney fees before it entered the nonsuit. Ultimately, the circuit court awarded the attorney fees and the nonsuit on the same day.[7] Under these circumstances, there can be no dispute that both orders fell within the 21-day period of Rule 1:1(a).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*

---

[7] At the hearing, the circuit court ordered counsel to prepare two separate orders—an order awarding sanctions to be authored by defendant Coastal and a nonsuit order to be authored by plaintiff Wright. The circuit court entered the two orders on the same day.